CATHERINE DIEBOLD and Another v. CHARLES J. FERCH and Others.[1]

August 1, 1900.

Nos. 12,177—(246).

### Reformation of Deed—Incorrect Description—Evidence.

*Held*, in an action brought to correct and reform a deed of conveyance, that the evidence was sufficient to support the findings of fact to the effect that by the mutual mistake of the parties the tract of land intended to be conveyed was incorrectly and erroneously described in said deed.

Action in the district court for Lac qui Parle county to reform a deed. The case was tried before Powers, J., who found in favor of plaintiffs. From a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*E. T. Young*, for appellants.

*F. L. Cliff*, for respondents.

COLLINS, J.

This was an action to reform a deed, and the principal question is whether the findings of fact, as made by the trial court, were supported by the evidence. We have no hesitancy in saying that the findings are abundantly supported by the proofs.

The defendants owned a stock of merchandise, which plaintiffs' son and another person proposed to purchase, turning in as part payment eighty acres of land lying in section 1 of township 120, range 46, at an agreed price of $20 per acre, and eighty acres lying north thereof, in section 31, at an agreed price of $17.50 per acre; total value, as stipulated and finally allowed in the trade, being $3,000. The plaintiffs, husband and wife,—the title being in the wife,—intended to convey the last-mentioned eighty acres off from the west side of the southwest $\frac{1}{4}$ of section 31 of township 121, range

[1] Reported in 83 N. W. 489.

45, and supposed they had conveyed this eighty acres only. It was undisputed that defendants were to receive a conveyance of eighty acres in section 31, and no more; and there was evidence which fully justified the court in finding that this particular eighty was to be located on the west side of said quarter section, which was supposed by all, in so far as the proofs show, to be an ordinary quarter, containing one hundred sixty acres. As a matter of fact, this so-called quarter, lying directly north of a correction line, contained two hundred seven acres, and, according to the government survey, was divided into six lots; those numbered 9, 10, 13, and 14 containing forty acres each. Upon the west of these lots were lots 11 and 12, each being eighty rods in length, north and south, and of sufficient width to comprise 23½ acres. The deed of conveyance, prepared in accordance with defendants' instructions, described the land conveyed as the west ½ of the southwest ¼. This was a mutual mistake, according to the proofs, and it was this mutual mistake in the deed which this action was brought to rectify. There was also testimony from which the court could have found as a fact that the southwest corner of section 31 was shown by the plaintiff's husband to one of the defendants while the trade was in contemplation, but before the bargain was made, and that they then went easterly to a point on the south line of the section, where they supposed the southeast corner of the eighty acres would be. The plaintiffs agreed to convey, and the defendants agreed to receive, eighty acres of this tract of land, at the agreed price of $17.50 per acre. This was the contract, and there was no other. Defendants do not pretend that they were to have a conveyance of eighty acres off from the west side of a square one hundred sixty, which in fact would be lots 10 and 13, leaving plaintiffs with lots 9 and 14 (eighty acres) on the east, and lots 11 and 12 (forty-seven acres) on the west, but contend that they should be allowed to retain the excess over eighty acres covered by the description in their deed, upon paying for it at the price agreed on for eighty acres,—$17.50 per acre.

When it conclusively appears, as it does, that they were to have but eighty acres, and that they paid for but eighty acres, and when they admit, as they do, that under the contract they are not entitled to a deed of the eighty acres described as lots 10 and 13, it inevitably

follows that the description in the deed should be corrected and reformed so as to embrace all of lots 11 and 12, containing in all forty-seven acres, and a strip off from the west side of lots 10 and 13 sufficient in width to make a total of eighty acres,—just what the parties agreed upon when making their bargain. It is undisputed that the entire transaction in respect to the land was in the hands of Mr. Diebold. As his wife's agent, he carried on the negotiations and made the bargain. She merely signed and acknowledged the deed which her husband, as before stated, allowed the defendants to have prepared, and which he supposed contained a correct description of the eighty acres. This fact sufficiently answers the claim that it was necessary to show that Mrs. Diebold was also misled in the matter of the description contained in the deed. She confided the whole transaction to an agent, Mr. Diebold. He made the contract, a mistake was made in the description of the land by him and by the defendants, and there was sufficient evidence to warrant the order for judgment correcting and reforming the deed so as to make the description conform to the actual contract made by the parties thereto.

Judgment affirmed.